Signed: August 08, 2005



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                       No. 05-40485 TG
                                            Chapter 13
ROBERT McBRIARTY,

          Debtor.
_____/

**MEMORANDUM RE OBJECTION TO HOMESTEAD EXEMPTION**

Creditors Terry McBriarty and Janice With ("Creditors") and Martha G. Bronitsky (the "Trustee"), the Chapter 13 Trustee, object to the above-captioned debtor's (the "Debtor") claim of a $150,000 homestead exemption in real property located at 255 Camino Pablo, Orinda (the "House").  For the reasons stated below, the objections will be sustained.

The Debtor filed a chapter 13 bankruptcy petition on February 4, 2005.  In Schedule C of his bankruptcy schedules, he claimed a $150,000 homestead exemption in the House, which he valued at $600,000, citing Cal. Civ. Proc. §§ 704.710-704.880.[1]  He disclosed

---

[1] The Debtor's marital relationship with his former spouse was severed before he filed for bankruptcy but the marital estate has still not been divided.  Although the Debtor

that he no longer lived in the House which is currently occupied by his former spouse and minor son. He based his claim to a homestead exemption on Section 704.710(c). Section 704.710(c) defines "homestead" as:

> ...the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

He contended that, because the marital estate had not yet been divided, his former spouse still qualified as his "spouse" for purposes of Cal. Civ. Proc. Code § 704.710(c). In support of this position, he cited In re Miller, 167 B.R. 202 (Bankr. C.D.Cal. 1994). Miller did not deal with an objection to a debtor's claim of a homestead exemption. Rather, it dealt with whether the nonfiling former spouse's share of the community property was property of the estate pursuant to 11 U.S.C. § 541(a)(2). In Miller, as here, the marital status had been severed but the marital estate had not been divided. Section 541 provides that the bankruptcy estate includes "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the case..." 11 U.S.C. § 541(a)(2). The debtor contended that her former spouse qualified as her "spouse" within the meaning of

---

apparently executed a deed of his interest in the House to his former spouse before filing his bankruptcy petition, it appears to be undisputed that he still has an ownership interest in the House.

2

§ 541(a)(2). The Miller court agreed, declining to follow a prior bankruptcy court decision on similar facts. See In re LaNess, 159 B.R. 916 (Bankr. C.D. Cal. 1993); see also In re Mantle, 153 F.3d 1082, 1085 (9th Cir. 1998)(citing Miller with approval).

In support of their objection, Creditors cite In re Lawley, 130 B.R. 568 (Bankr. E.D. Cal. 1991), which did involve an objection to a claim of a homestead exemption. In Lawley, there was no dispute that the debtor was entitled to claim a homestead exemption. The debtor had been awarded the family home as his sole and separate property. The issue was whether he was entitled to the enhanced amount of exemption available to a "member of a family unit" residing in the house. The Lawley court concluded that he was not. The debtor's former spouse had primary physical custody of the couple's minor children. The debtor had only joint legal custody and visitation rights. Thus, the Court concluded that the debtor was limited to the exemption amount available to a single person.

The Court finds neither case determinative of the issue presented here. The question here is neither whether a former spouse qualifies as a "spouse" for purposes of 11 U.S.C. § 541(b)(2) nor the amount of the homestead exemption to which a debtor who lives in the homestead is entitled under state law. The question is whether a former spouse qualifies as a "spouse" for purposes of Cal. Civ. Proc. Code § 704.710(c). The Court concludes that she does not. It bases this conclusion on Cal. Civ. Proc. Code § 704.710(d) which provides that "spouse" does not

3

include one to whom the debtor is still married if an order of legal separation has been entered.  Given this provision, it would make no sense to conclude that "spouse" includes one to whom the debtor is no longer legally married.

## CONCLUSION

The Creditors' and Trustee's objections to the Debtor's claim of a homestead exemption are sustained.  Counsel for the Creditors are directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

Curt F. Hennecke
Law Offices of Younger and Hennecke
428 J St., #360
Sacramento, CA 95814

Martha G. Bronitsky
Kurt V. Jaenike
P.O. Box 5004
Hayward, CA 94540

Marlene G. Weinstein
Law Office of Marlene G. Weinstein
1111 Civic Drive, Ste. 380
Walnut Creek, CA 94596

5